# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHEILA G. HANCOCK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:09CV87 |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on a pro se letter motion from Plaintiff. (Docket Entry 14.) For the reasons that follow, the Court will grant that motion in part in that it will terminate Anna E. Caldwell as Plaintiff's attorney of record.

## BACKGROUND

This action commenced when Plaintiff, through Jason D. Quick of Anna Caldwell & Associates P.A., filed a Complaint seeking judicial review of the denial of certain Social Security disability benefits. (Docket Entry 1.) By notice, the Court set the terms and time-frame for briefing. (Docket Entry 6.) Consistent with that notice, Plaintiff (again through Mr. Quick) made filings requesting reversal of Defendant's administrative denial of benefits on April 23, 2009. (Docket Entries 7,8.)

On May 31, 2009, Mr. Quick filed a Notice of Withdrawal and Substitution of Counsel in which he gave "notice of the substitution of Anna E. Caldwell, of Anna Caldwell & Associates PA, as the counsel of record pursuant to Rule 83.1(e) of the Local Rules of Civil Practice of the United States District Court for the

Middle District of North Carolina." (Docket Entry 9 at 1.) Mr. Quick provided contact information for Ms. Caldwell, including the e-mail address of anna@annacaldwellpa.com. (Id.)

On June 18, 2009, Defendant made its filings seeking affirmance of the administrative action. (Docket Entries 10, 11.) The certificate of service for these documents reflects service on Ms. Caldwell via the CM/ECF system at the e-mail address for her provided in Mr. Quick's earlier Notice of Withdrawal and Substitution of Counsel. (Docket Entry 10 at 2; Docket Entry 11 at 21.) The receipts for these documents on the CM/ECF system, however, do not reflect their submission to that e-mail address. (See Docket Entry 10, receipt; Docket Entry 11, receipt.)[1]

On June 19, 2009, Mr. Quick filed a second Notice of Withdrawal and Substitution of Counsel in which he reiterated the information regarding Ms. Caldwell and noted that he "ha[d] still not been removed as the attorney to be noticed in this case." (Docket Entry 12 at 1.) The receipt for said document on the CM/ECF system verifies its service on Ms. Caldwell at the e-mail address Mr. Quick identified for her. (See Docket Entry 12, receipt.) By Order dated July 21, 2009, the Court (per United States Magistrate Judge P. Trevor Sharp) granted what it described as "[t]he motion for withdrawal of attorney and substitution of

---

[1] Said receipts do confirm the delivery of said documents to the e-mail address of l.martin@annacaldwellpa.com. (Id.)

2

counsel (Docket No. 9) filed by attorney Jason D. Quick on May 31, 2009."  (Docket Entry 13.)[2]

On August 2, 2010, the Clerk docketed the instant pro se letter motion from Plaintiff in which she reports as follows:  "My attorney, Anna Cardwell [sic] retired around a year ago and I'm now representing myself.  I'm requesting to hire a new attorney.  Please confirm approval of my request."  (Docket Entry 14 at 1.)  Plaintiff further "request[ed] that all information in [her] file pertaining to [her] case be mailed to [her] at the address listed [for her in the letter motion]."  (Id.)  Defendant responded that he "does not oppose Plaintiff's Motion for Permission to Hire a New Attorney so long as the period of time is a reasonable length of time."  (Docket Entry 15 at 1.)

A query of public records of the North Carolina State Bar ("the Bar") revealed that:  1) Ms. Caldwell petitioned for inactive status; 2) the Bar granted that request on January 15, 2010; 3) the granting of inactive status "renders the lawyer not currently eligible to practice law in North Carolina"; and 4) Ms. Caldwell now lists an address in Bonebuttel, Germany.  See N.C. State Bar

---

[2] Said Order's characterization of Mr. Quick's filing dated May 31, 2009, coheres with the Docket's description of said document as a "Motion to Substitute Attorney."  The Docket reflects the termination of Mr. Quick as counsel for Plaintiff on June 19, 2009 (the date of his second Notice of Withdrawal and Substitution of Counsel – and prior to the Court's above-referenced Order).  The Docket currently lists Ms. Caldwell as Plaintiff's counsel of record and sets out the physical address, telephone number, and facsimile number identified for Ms. Caldwell in Mr. Quick's two Notices of Withdrawal and Substitution of Counsel, but does not refer to the e-mail address Mr. Quick cited for Ms. Caldwell.

Directory, http://www.ncbar.gov/members/member_directory.asp (search for Anna Caldwell last performed on Sept. 15, 2010).

DISCUSSION

"Litigants in civil and criminal actions . . . before this court, except parties appearing *pro se*, must be represented by at least one attorney who is a member of the bar of this court." M.D.N.C. R. 83.1(c)(1).[3] "No attorney who has entered an appearance in any civil or criminal action shall be permitted to withdraw an appearance, or have it stricken from the record, except on order of the court or when the attorney has provided notice of substitution of counsel by an attorney who is a member of the withdrawing attorney's law firm." M.D.N.C. R. 83.1(e). Rules of this sort exist "to ensure the effective administration of justice." Towns v. Morris, No. 93-1295, 1995 U.S. App. LEXIS 5798, at *6 (4th Cir. Mar. 22, 1995) (unpublished). In addition, this Court has adopted North Carolina's professional standards for attorneys. See M.D.N.C. R. 83.10e(b). North Carolina's Rules of Professional Conduct dictate when a lawyer may withdraw from representation and provide a non-exhaustive list of an attorney's obligations to protect a client's interests upon termination of the attorney-client relationship. See N.C. R. Prof. Conduct 1.16.

In this case, pursuant to this Court's Local Rule 83.1(e), Ms. Caldwell appeared in this case as a function of the Notice of

---

[3] Eligibility for membership in the bar of this Court requires that an attorney "be admitted to the practice of law in this state and in good standing with the Supreme Court of North Carolina." M.D.N.C. R. 83.1(b).

4

Withdrawal and Substitution of Counsel filed by Mr. Quick, her former fellow firm member. Moreover, the record reflects that Ms. Caldwell received direct notice of this fact as a result of the delivery of Mr. Quick's second Notice of Withdrawal and Substitution of Counsel to her e-mail address on June 19, 2009.

Unlike Mr. Quick, Ms. Caldwell has not complied with the requirements of this Court's Local Rule 83.1(e) to withdraw from representation of Plaintiff in that she neither obtained a court order permitting withdrawal nor, in the alternative, gave notice of substitution by another attorney from her law firm. In addition, substantial questions exist as to whether Ms. Caldwell satisfied applicable professional standards regarding termination of representation. However, as a result of her inactive status with the North Carolina State Bar, Ms. Caldwell no longer can represent Plaintiff. Accordingly, the Court will terminate Ms. Caldwell as counsel of record for Plaintiff, will require Ms. Caldwell to show cause why she should not be sanctioned, and will direct the Clerk to send a copy of this Order to the North Carolina State Bar.

Plaintiff shall take reasonable steps to secure new counsel. Unless and until new counsel files a written notice of appearance on behalf of Plaintiff, service of all papers from Defendant or the Court shall be made directly on Plaintiff at her address currently reflected on the Docket (which matches the address listed in her instant motion). Plaintiff shall file a notice with the Court with service upon Defendant's counsel as to any change in her address. To assist Plaintiff in proceeding pro se pending (or failing) the

appearance of new counsel, the Clerk shall mail Plaintiff copies of all filings docketed in this case, a copy of the civil rules portion of this Court's Local Rules, and copies of Rules 5, 5.2, 6, 7, 10, 11, and 72, as well as Forms 1 and 2, of the Federal Rules of Civil Procedure.

CONCLUSION

Given Ms. Caldwell's assumption of inactive status, the Court will terminate her as counsel of record for Plaintiff and will make further inquiry as to the propriety of Ms. Caldwell's actions. The case will proceed with Plaintiff acting pro se unless and until new counsel files a written notice of appearance on her behalf.

**IT IS THEREFORE ORDERED** that Plaintiff's letter motion (Docket Entry 14) is **GRANTED IN PART** in that Anna E. Caldwell is terminated as counsel of record for Plaintiff.

**IT IS FURTHER ORDERED** that Ms. Caldwell show cause why she should not be sanctioned for failing to comply with this Court's Local Rule 83.1(e) before she took inactive status. Such showing shall be made in writing and shall be filed with the Clerk by October 15, 2010. Said filing shall address, inter alia, Ms. Caldwell's compliance with the North Carolina Rules of Professional Conduct concerning withdrawal from representation. The Clerk shall serve a copy of this Order upon Ms. Caldwell by mail addressed to her at Tasdorfer Weg 150, 24620 Bonebuttel, Germany, and by e-mail directed to acaldwell829@yahoo.com.

**IT IS FURTHER ORDERED** that the Clerk shall send a copy of this Order to the North Carolina State Bar (to the attention of Alice Mine).

**IT IS FURTHER ORDERED** that Plaintiff shall take reasonable steps to secure new counsel. Unless and until new counsel files a written notice of appearance on behalf of Plaintiff, service of all papers from Defendant or the Court shall be made directly on Plaintiff at her address currently reflected on the Docket. Plaintiff shall file a notice with the Court with service upon Defendant's counsel as to any change in her address. To assist Plaintiff in proceeding pro se pending (or failing) the appearance of new counsel, the Clerk shall mail Plaintiff copies of all filings docketed in this case, a copy of the civil rules portion of this Court's Local Rules, and copies of Rules 5, 5.2, 6, 7, 10, 11, and 72, as well as Forms 1 and 2, of the Federal Rules of Civil Procedure.

          /s/ L. Patrick Auld
            **L. Patrick Auld**
     **United States Magistrate Judge**

September 15, 2010